IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. 26-CR-710-KG

ANDREW MADRID,

Defendant.

## DEFENDANT'S SENTENCING MEMORANDUM

The Defendant Andrew Madrid, by and through his counsel of record, Assistant Federal Public Defender Buck Glanz, respectfully files the following Sentencing Memorandum and requests that the Court sentence him to thirty months in the Bureau of Prisons. Such sentence would be "sufficient, but not greater than necessary" to achieve the statutory purposes for sentencing.

## PROCEDURAL BACKGROUND

On April 3, 2026, Mr. Madrid pleaded not guilty to one count of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Doc. 2). On May 18, 2026, he pled guilty to the single count in the indictment without a plea agreement. (Doc. 24). The Presentence Report ("PSR") was filed on July 21, 2026. (Doc. 29). Mr. Madrid has no objections to the PSR. The case is currently set for trial on August 19, 2026. (Doc. 25). However, Mr. Madrid filed an unopposed motion to continue sentencing on August 3, 2026. (Doc. 32).

## ARGUMENT

A court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553. "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koons v. United States,* 518 U.S. 81, 113 (1996). The established tradition of sentencing in federal courts is that "the punishment should fit the offender and not merely the crime." *Pepper v. United States,* 562 U.S. 476, 487-88 (2011) (internal citations omitted). A sentencing court should "engage in a holistic inquiry of the § 3553(a) factors." *United States v. Barnes,* 890 F.3d 910, 916 (10th Cir. 2018) (citations omitted). Mr. Madrid asks this court to sentence him to thirty months based on the 18 U.S.C. § 3553(a) sentencing factors.

A. Nature and Circumstances of the Offense & Mr. Madrid's History and Characteristics

Mr. Madrid was born in Espanola and has lived in New Mexico his entire life. (PSR ¶¶ 61-65). Like many New Mexican children, he faced significant adversity during his formative years. He was adopted at age six by his grandparents. *Id*. at ¶ 61. A year later, when he was seven, his grandmother was sentenced to ten years in prison. *Id*. at ¶ 62. Mr. Madrid was left in the custody of his grandfather. *Id*. During this time in his life he also was physically abused by his mother and her boyfriends. *Id*. at ¶ 63.

Mr. Madrid has struggled to cope with his difficult upbringing. He has three children and being a good father is very important to him. *Id*. at ¶¶ 66-68. The main obstacle to his progress is addiction. With sobriety he has already demonstrated that he can comply with conditions of

release. In his last felony cases he was sentenced to five years of probation and he successfully completed it. *Id*. at ¶ 33.

In this case, Mr. Madrid was arrested after a routine traffic stop for towing a car in an unsafe manner. *Id*. at ¶ 7. He was compliant with law enforcement and, to his legal detriment, consented to a search. *Id*. The officers found drugs and related paraphernalia. *Id*. at ¶ 8. Based on this, they obtained a warrant and discovered three firearms. *Id*. After his indictment, Mr. Madrid accepted responsibility extraordinarily quickly and pled guilty without a plea agreement. Thereby saving the Court and the government time, resources, and effort.

B. A Sentence of thirty Months Accomplishes the Goals of Sentencing

The task before the Court at sentencing is to impose a sentence that is sufficient but not greater than necessary to accomplish the goals of punishment. A sentence is sufficient, but not greater than necessary, if it (a) reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense; (b) affords adequate deterrence to criminal conduct; (c) protects the public from further crimes of the defendant, and (d) provides the defendant with needed education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(2).

1. *A sentence of thirty months reflects the seriousness of the offense, promotes respect for the law, and will adequately deter criminal conduct.*

The sentence in this case will be the first term of federal incarceration Mr. Madrid has ever faced. He will be removed from his community and separated from his family. The difficulty of visiting his family will have a powerful deterrent effect on his future conduct. A sentence of thirty months will deter him from committing any future offenses. It is a lengthy sentence, and it reflects the seriousness of the offense. It will also provide general deterrence to

the community as it will show the government is willing to seek federal prison sentences for nonviolent offenses involving a firearm.

2. *A sentence of thirty months will provide just punishment for the offense and adequately protect the public.*

The concept of just punishment is another name for the theory of retribution. "The § 3553(a)(2)(A) consideration is the 'just deserts' concept, which carries the need for retribution, the need to make the punishment fit the crime, and the need not just to punish but to punish justly." *United States v. Irey*, 612 F.3d 1160, 1206 (11th Cir. 2010). Retributive justice asks what is the criminal harm cause by the defendant's criminal actions. The punishment is then crafted to be commensurate with that harm. In this case, a sentence of thirty months is commensurate with the criminal harm in this case. The criminal harm caused by his actions in this matter is difficult to determine with certainty and is entirely based on speculation. This is true because while Mr. Madrid is indisputably a prohibited person the mere possession of a firearm does not in and of itself cause societal harm without additional action. If this weren't true then any person, prohibited or not, that possessed a firearm would be causing the same societal harm. For these reasons, it is a just punishment and will protect the public from Mr. Madrid.

3. *A sentence of thirty months followed by a term of supervised release will provide Mr. Madrid with educational and vocational training and will best facilitate his rehabilitation.*

Mr. Madrid has already made significant progress in achieving sobriety and rehabilitation himself. He entered federal custody with a prescription for Suboxone. Yet he managed to stop taking the medication while in custody. In the Bureau of Prisons, he will have access to various programs to further his rehabilitation, education, and ideally allow him to reenter society without a hiccup. He is highly motivated to serve his time and return to his family. After his

incarceration, a period of supervised release is the most appropriate means to further his rehabilitation. United States Probation and parole has substantial resources at its disposal to assist him. A sentence of thirty months is sufficient but not greater than necessary in light of all of the relevant circumstances.

## CONCLUSION

Considering the sentencing factors set forth in 18 U.S.C 3553(a) a sentence of thirty months followed by a term of supervised release will achieve the statutory purposes of sentencing. For all the reasons set forth above, Mr. Madrid humbly requests the court consider imposing a thirty-month sentence. Finally, Mr. Madrid is indigent and represented by court appointed counsel and he requests this Court not impose a fine.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
buck_glanz@fd.org

***Electronically filed August 5, 2026***
/s/ Buck Glanz
Assistant Federal Public Defender
Attorney for Defendant