IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.

**ANDREW MADRID**,

Defendant.

Cr. No. 26-710-KG

## UNITED STATES SENTENCING MEMORANDUM

The United States respectfully requests that this Court sentence defendant Andrew Madrid ("Defendant") to a sentence of 37 months' imprisonment, which is the high end of the Sentencing Guidelines range as calculated in the Presentence Investigation Report ("PSR," Dkt. 30). There are no formal objections to the presentence investigation report. In support, the United States provides the following.

## PROCEDURAL HISTORY

The Defendant was initially charged in state court with one count of Possession of a Controlled Substance (Felony) and one count of Possession of a Controlled Substance (Misdemeanor). (PSR ¶ 50.) On February 24, 2026, Defendant was indicted for possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Dkt. 2.) On May 18, 2026, Defendant pleaded guilty to the indictment without the benefit of a plea agreement. (Dkt. 14.) On July 28, 2026, the United States Probation Office ("USPO") filed a PSR, calculating Defendant's guideline imprisonment range as 30 to 37 months, based on an offense level of 17 and a criminal history category of III. (PSR ¶ 92.)

## FACTS

On December 9, 2025, Rio Arriba County Sheriff's Deputies observed a 1986 Oldsmobile Cutlass being towed in an unsafe manner by a second vehicle. (PSR ¶ 7.) Deputies stopped the two vehicles because of the unsafe towing practice. (*Id.*) The Defendant was the driver and registered owner of the Cutlass. (*Id.*) During the traffic stop, deputies saw a burnt tin foil on the driver's seat of the Cutlass, a plastic straw on the passenger side, and a glass container containing marijuana with a white substance. (*Id.*) When questioned about the presence of controlled substances within the Cutlass, the Defendant denied having drugs and consented to a search of the Cutlass. (*Id.*) The Defendant was taken into custody after deputies located multiple controlled substances within the Cutlass. (*Id.*) A full search of the Cutlass revealed 25.4 grams of cocaine, 15.3 grams of Xanax, a Kel-Tec P3AT .380 pistol with a magazine containing six rounds of .380 ammunition, an FIE Mod Tex .22 revolver with a loaded cylinder of six .22 caliber ammunition, a Sturm Ruger .22 pistol with one .22 round in the chamber, sixty rounds of 9mm ammunition, thirteen rounds of .22 caliber ammunition, twenty-two rounds of .380 caliber ammunition, and an additional magazine containing fifteen rounds of 9mm ammunition. (*Id.*)

The Defendant is charged in federal court because – as a felon – he illegally possessed multiple firearms and a large amount of ammunition.

## ARGUMENT

This Court should impose a sentence of 37 months, at the high end of Defendant's guideline range. The United States Sentencing Guidelines ("Guidelines") are advisory. *See United States v. Booker*, 543 U.S. 220, 233 (2005). A district court cannot presume that a guideline sentence is reasonable and must conduct an analysis using both the guidelines and the sentencing statutes. *Rita v. United States*, 551 U.S. 338, 347-48 (2007).

The statutory sentencing factors courts must apply include: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed — (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(1), (2)(A)-(D).

## I. The Nature and Circumstances of Defendant's Conduct Weigh in Favor of a Sentence of 37 Months Imprisonment

The Defendant's offense conduct weighs in favor of a sentence of imprisonment of 37 months, as recommended by the Government. The Defendant illegally possessed not one, not two, but three firearms. Despite being a three-time felon, and thus not allowed to possess firearms or ammunition, the Defendant had multiple guns and a plethora of ammunition. Further, the Defendant possessed these firearms and ammunition while he was the driver of a vehicle that contained cocaine, suboxone, and Xanax. (PSR ¶ 8.)

Given the Defendant's multiple felony convictions, the United States' interest in preventing felons from possessing firearms and ammunition, and the convergence of the Defendant's unlawfully possessed firearms and ammunition with his possession of controlled substances, the Government believes that a sentence at the high-end of the Guidelines is warranted here.

## II. Defendant's History and Characteristics Also Weigh in Favor of a Sentence of 37 Months' Imprisonment

The Defendant's criminal history and characteristics are also aggravating, justifying a sentence at the high-end of the Guidelines range. The Defendant's criminal history reflects a

number of prior felony convictions, including three convictions for possession of a controlled substance, and additional convictions for abuse of a child and aggravated fleeing a law enforcement officer. (PSR ¶ 10.) Furthermore, the Defendant has numerous prior arrests with criminal history dating back over two decades. (*Id.* ¶¶ 28-56.) This history also includes an Order of Protection against the Defendant for the mother of the Defendant's child. (*Id.* ¶ 56.)

Lastly, since the Defendant's state arrest in this case, the Defendant has picked up three additional state cases, two of which remain pending. (*See, e.g.*, *Id.* ¶ 51, 57-58.) In the first pending case, the defendant is alleged to have stolen a Coleman Travel Trailer and damaged the trailer, all while possessing methamphetamine. (*Id.* ¶ 57.) In the second pending case – just a few months after the events giving rise to this case – the Defendant is alleged to have driven a motor vehicle while under the influence of drugs. (*Id.* ¶ 58.) In that case, law enforcement located yet another firearm in the Defendant's car, this one being reportedly stolen, oxycodone, methamphetamine, and methadone. (*Id.*)

All told, Defendant's criminal history demonstrates a lack of respect for the law and a flagrant pattern of endangering others through his mixing of controlled substances and deadly weapons. Defendant also has a history of performing poorly on probation, with repeated violations, including his most recent probation term. (*See, e.g.*, PSR ¶¶ 33.) Lastly, Defendant's criminal history category dramatically understates his criminal history and the likelihood that he will commit future crimes. The PSR details numerous instances of the Defendant's violence, possession of controlled substances, and firearms that have significantly harmed those around him. (*See, e.g.*, PSR ¶¶ 38-51.)

Defendant's criminal history and background and characteristics show that the charged offense was not an anomaly. Rather, Defendant has engaged in decades of criminal conduct,

including multiple instances of violence. Accordingly, the Government believes that Defendant's history and characteristics justify a sentence at the high-end of the Guidelines range.

## III. The Government's Recommended Sentence Reflects the Seriousness of the Offense, Promotes Respect for the Law, Provides Just Punishment and Adequate Deterrence, and Protects the Public from Further Crimes

Here, a sentence of incarceration of 37 months' imprisonment, as recommended by the Government, is required to promote Defendant's and others' respect for the law and provide Defendant just punishment, given his offense conduct and his criminal history. As described above, Defendant's actions were a pattern for him and highly dangerous. A sentence of 37 months' imprisonment will promote respect for the law and demonstrate the serious nature of Defendant's conduct, reflecting the harm that could easily have resulted. Such a sentence sends a clear message that disregard for the law will not be tolerated, especially when controlled substances and firearms are involved.

Furthermore, the government's recommended sentence is also necessary to provide adequate deterrence. This sentence is significant for Defendant, and represents real time in prison, hopefully convincing Defendant that repeated criminal activity should be avoided. It is also significant enough to deter others from committing the same crime.

The Government's recommended sentence will also help protect the public from Defendant's further crimes, particularly when combined with a three-year period of supervised release.

## IV. The Government's Recommended Sentence Is Appropriate to Avoid Unwarranted Sentencing Disparities Between Defendants Who Have Committed Similar Acts

The government's recommended sentence also avoids unwarranted sentencing disparities between similarly situated defendants. Taking the aggravating nature of Defendant's crime, his

understated criminal history, his persistence in possessing firearms and controlled substances both before and after this case into account, a sentence of 37 months' imprisonment is appropriate and would avoid sentencing disparities with similarly situated defendants. Considering the factors set forth in 18 U.S.C. § 3553(a), such a sentence is "sufficient, but not greater than necessary, to comply with the [sentencing goals]." *Id.*

## **CONCLUSION**

Based on the foregoing, the United States respectfully requests that the Court sentence Defendant to a term of imprisonment of 37 months, to be followed by three years of supervised release. This sentence accounts for the serious nature of Defendant's crime and Defendant's criminal history and promotes the goals of the Sentencing Guidelines.

Respectfully submitted,

TODD BLANCHE
Acting Attorney General
RYAN ELLISON
First Assistant United States Attorney

*/s/ Kristin Guin*
KRISTIN GUIN
Assistant United States Attorney
201 Third Street NW, Suite 900
Albuquerque, New Mexico 87102
(505) 537-3534
Kristin.guin@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document electronically through the CM/ECF system, which caused the foregoing to be served on all counsel of record.

/s/ *Kristin Guin*

KRISTIN GUIN
Assistant United States Attorney